IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IRA BURDELL WAKEFIELD,<br><br>Petitioner,<br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br><br>Case No. 2:12-CV-480 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court finds Petitioner's Motion to be an unauthorized second or successive § 2255 and it is not within the interests of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

## I. BACKGROUND

On March 19, 2008, Petitioner, along with his co-defendant Christopher Noah Mollner, was charged with one count of aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2

1

and 2113(a), (d).  Petitioner proceeded to trial on April 7, 2009.  On April 9, 2009, the jury

returned a guilty verdict against Petitioner.  Petitioner was sentenced, on July 1, 2009, to 110

months imprisonment.  Judgment was entered on July 8, 2009.

Petitioner appealed his conviction.  On appeal, Petitioner argued that there was

insufficient evidence to sustain his conviction.  The Tenth Circuit Court of Appeals affirmed and

issued its mandate on September 3, 2010.

Petitioner timely filed his original § 2255 motion on January 20, 2011.[1]  In his original

motion, Petitioner raised claims for ineffective assistance of counsel, violation of due process,

prosecutorial misconduct, and violation of the Fourth Amendment.  On May 10, 2012, the Court

denied Petitioner's original motion.

On May 14, 2012, Petitioner filed the instant § 2255 Motion.  In this Motion, Petitioner

argues that Congress did not have the authority to enact the law under which he was convicted

and that the United States government and the State of Utah gave up Petitioner's rights under the

Tenth Amendment of the Constitution without a waiver.

## II.  DISCUSSION

"Before a federal prisoner may file a second or successive motion under § 2255, the

prisoner must first obtain an order from the appropriate court of appeals authorizing the district

court to consider the motion."[2]  "A district court does not have jurisdiction to address the merits

of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the

_____

[1]Civil Case No. 2:11-CV-76 TS.

[2]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

2

required authorization."[3]  However, before transferring a second or successive motion under §

2255 to the appropriate court of appeals for authorization, the Court must consider whether it is

in the interest of justice to do so.[4]

The Tenth Circuit has delineated factors a district court should consider in deciding

whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These

factors include:

> whether the claims would be time barred if filed anew in the proper forum,
> whether the claims are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of the filing the court
> lacked the requisite jurisdiction.[5]

Considering these factors, the Court finds that it is not in the interest of justice to transfer

Defendant's Motion and, as a result, the Court will dismiss the Motion for lack of jurisdiction.

First, Petitioner's claims would be time barred if they were filed anew in the proper

forum.  In general, a prisoner may not file a § 2255 motion more than one year after his

conviction becomes final.[6]  Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States

---

[3]*Id*. at 1251.

[4]*See* 28 U.S.C. § 1631.

[5]*In re Cline*, 531 F.3d at 1251.

[6]*See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As discussed above, the Tenth Circuit issued its mandate on Petitioner's direct appeal on September 3, 2010. Thus, Petitioner's conviction became final under 28 U.S.C. § 2255(f)(1) when the time for Petitioner to seek a writ of certiorari from the United States Supreme Court expired,[7] in this case ninety days after the mandate issued.[8] Thus, under § 2255(f)(1), Petitioner's Motion would be time-barred.

Petitioner does rely on the recent Supreme Court decision of *Bond v. United States*,[9] to support his motion. In *Bond*, the Supreme Court held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States."[10]

Under 28 U.S.C. § 2255(f)(3) the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[7]*Clay v. United States*, 537 U.S. 522, 527 (2003).

[8]Sup.Ct.R. 13.

[9]131 S.Ct. 2355 (2011).

[10]*Id*. at 2360.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[11]  Though Petitioner's motion cites to *Bond*, Petitioner has provided nothing, and the Court's own research has not uncovered anything, to indicate that the ruling in *Bond* has been "made retroactively applicable to cases on collateral review."  As a result, the Court finds that Petitioner's Motion would be time-barred if filed anew in the proper forum.

Next, the Court considers whether the claims are likely to have merit.  Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[12] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[13]

Petitioner does not point to any newly discovered evidence but, as stated, relies on the recent Supreme Court decision of *Bond v. United States*.  *Bond* does not recognize a new rule of constitutional law.  Rather, as discussed, *Bond* held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and

---

[11]28 U.S.C. § 2255(f)(3).

[12]*Id*. § 2255(h)(a).

[13]*Id*. § 2255(h)(b).

authority of the States."[14]   Even if *Bond* did create a new rule of constitutional law, it has not

been made retroactive to cases on collateral review.

Even if the Court were to assume that the requirements of § 2255(h)(b) had been met,

Petitioner's claims would still lack merit.  *Bond* only provides that an individual has standing to

challenge a law on the grounds that Congress exceeded its powers under the Constitution.  The

Supreme Court did not rule that such challenges would necessarily succeed.  Indeed, the Supreme

Court in *Bond* remanded the matter so that the lower court could consider the validity of the

statute in the first instance.[15]

In this case, Petitioner was convicted of aiding and abetting a bank robbery in violation of

18 U.S.C. §§ 2 and 2113.  Every court to consider the issue has held that the bank robbery statute

does not violate the Tenth Amendment.[16]  Based on this, the Court finds that any claim Petitioner

might have under the Tenth Amendment is not likely to have merit.

Finally, the Court finds that Petitioner's claims were not brought in good faith for

substantially the same reasons already stated.  Based on the above, the Court finds that it is not in

the interest of justice to transfer Petitioner's Motion.

---

[14]*Bond*, 131 S.Ct. at 2360.

[15]*Id*.

[16]*See United States v. Smith*, 987 F.2d 888, 893 (2d Cir. 1993) (collecting cases).  No
court appears to have addressed 18 U.S.C. § 2 on Tenth Amendment grounds.

6

III.  CONCLUSION

It is therefore

      ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody (Docket No. 1 in Case No. 2:12-CV-480 TS) is DISMISSED for lack

of jurisdiction.

      The Clerk of the Court is directed to close this case forthwith.

      DATED   June 11, 2012.


                    BY THE COURT:


                    _____

                    TED STEWART
                    United States District Judge